IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2017 JUN 20 PM 2:42
STEPHAN HARRIS, CLERK
CASPER

ROGER L. DUNN,

 Plaintiff,

vs.

PARK COUNTY SHERIFF'S OFFICE,

 Defendant.

Case No. 1:17-CV-0010-SWS

## ORDER DENYING MOTION FOR SERVICE AT GOVERNMENT EXPENSE

This matter comes before the Court on Plaintiff's *Complaint for Employment Discrimination* and *Motion for Service of Process at Government Expense* (ECF No. 2). Plaintiff has not requested to proceed *in forma pauperis* and has paid the required filing fee. However, Plaintiff has moved for the Court to order service of process be made by a United States marshal or person appointed by the Court pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, which provides:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

While Rule 4(c)(3) allows the Court to order that service be made by a U.S. marshal, the Marshals Service should not be the primary vehicle for serving defendants in civil cases where the plaintiff is *not* proceeding *in forma pauperis*. *See Williams v.*

*Werlinger*, 795 F.3d 759, 760 (2015). There is no indication in the record that Plaintiff has made diligent, or any, efforts to serve the Defendant, *see id.*, and Plaintiff has provided no other reason for the requested relief.

Nor would Plaintiff qualify for *ifp* status. Plaintiff filed this action on January 17, 2017, alleging a violation of the Americans with Disabilities Act. Under 28 U.S.C. § 1915(a)(1), a district court "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [showing] that the person is unable to pay such fees or give security therefor." Despite its use of the phrase "prisoner possesses," § 1915(a) applies to all persons applying to proceed without prepayment of fees, not just to prisoners. *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). The statute further provides, "Notwithstanding any filing fee, . . . the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). "Thus, in order to succeed on a motion to proceed [*ifp*], the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

Plaintiff has neither shown a financial inability to pay the required fees, as evidenced by his payment of the filing fee, nor presented facts in support of his claim. A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, Plaintiff does

not qualify for *ifp* status which would require the Court to order service by the U.S. marshal.

The Court notes that Plaintiff has not effected service within the time required by F.R.C.P. 4(m) ("within 90 days after the complaint is filed"), and Plaintiff did not file the present motion before expiration of that time period. Nevertheless, given Plaintiff's pro se status and his eventual attempt to have the Court order service at government expense, the Court will allow Plaintiff an additional thirty (30) days to serve the Defendant in accordance with the Federal Rules of Civil Procedure. THEREFORE, it is hereby

**ORDERED** that Plaintiff's *Motion for Service of Process at Government Expense* (ECF No. 2) is DENIED; it is further

**ORDERED** that Plaintiff shall serve Defendant on or before **July 20, 2017**.

Dated this 20th day of June, 2017.

Scott W. Skavdahl
United States District Judge