Thomas A. Thompson, #6-2640
MacPherson, Kelly & Thompson, LLC
P.O. Box 999
616 W. Buffalo
Rawlins, WY 82301
(307) 324-2713-phone
(307) 324-7348-fax
tthompson@wyomingattorneys.net
*Attorney for Park County*
*Sheriff's Office and*
*Park County Sheriff*
*Scott Steward*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| ROGER L. DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 17-CV-10-SWS |
| | ) | |
| PARK COUNTY SHERIFF'S OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12 (b)(6)

**COME NOW**, the Defendants, Park County Sheriff's Office and Park County Sheriff Scott Steward, by and through their attorney, Thomas A. Thompson, of the law firm of MacPherson, Kelly & Thompson, LLC, and pursuant to Fed. R. Civ. P. 12(b)(6) and U.S.D.C.L.R. 7.1(b)(2), hereby file their Brief in Support of Motion to Dismiss Plaintiff's Complaint.

### *Factual Allegations and Claims for Relief*

Plaintiff is proceeding pro se in this matter and has filed a Complaint for Employment Discrimination (Doc. 1) with an exhibit to said Complaint (Doc. 1-10). The caption heading filled out by the Plaintiff lists the Park County Sheriff's Office as the named Defendant in this case. However, the Complaint for Employment Discrimination (Doc. 1) lists Scott Steward, the Park

County Sheriff as the sole named Defendant. Defendants will address the dismissal of both the Park County Sheriff's Office and Park County Sheriff Steward in this Motion to Dismiss.

Plaintiff's Complaint lists the Americans with Disabilities Act as the basis for this Court's jurisdiction. (Doc. 1 at p. 3). Plaintiff provides no factual support for the statement of his claim. *Id.* at 4-5. Plaintiff has attached an exhibit of seven pages to his Complaint. (Doc. 1-1). A majority of the exhibit is illegible.

Plaintiff also indicates that his Notice of Right to Sue letter was received by him on October 21, 2016. (Doc. 1 at p. 5). Plaintiff's Complaint is dated January 17, 2017. Plaintiff did not serve the Defendants until July 14, 2017 (Doc. 5).

### *Legal Standard*

#### *Fed. R. Civ. P. 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

### *Legal Analysis*

A court liberally construes a *pro se* complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir.2006). However, the complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A *pro se* litigant's "conclusory allegations without supporting factual averments

are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). A court may not assume a that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L. Ed.2d 723 (1983). The court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues". *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). The plaintiff's pro se status does not entitle him to the application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. There must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiffs complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff has not alleged sufficient facts that demonstrate to support his alleged claim of Defendants' violation of the Americans with Disabilities Act. Plaintiff's Complaint, as filed, does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's Complaint leaves the Defendants guessing as to the basis for their alleged wrongdoing and simply stated, is insufficient under the law.

## Conclusion

It is proper for this Court to dismiss Plaintiff's Complaint in that he fails to state a claim upon

which relief can be granted.

**WHEREFORE**, Defendants respectfully request that the Court dismiss this matter pursuant

to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and for such

other and further relief as the Court deems proper under the circumstances.

**DATED** this 24th day of July, 2017.


/s/ Thomas A. Thompson
Thomas A. Thompson, #6-2640
MacPherson, Kelly & Thompson, LLC
Attorney for Defendants

## CERTIFICATE OF SERVICE

This is to certify that on the 24th day of July, 2017, at Rawlins, Wyoming, I served the foregoing instrument by causing to be deposited a full, true and correct copy thereof in the United States Mail, duly enveloped with postage prepaid, and addressed to:

Roger L. Dunn
155 North Cheyenne Street
Powell, WY 82435
*Pro se*


/s/ Thomas A. Thompson
For MacPherson, Kelly, & Thompson, LLC


Filed By: _____
Mailed By: _____