FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2017 AUG 24  AM 8: 26

STEPHAN HARRIS, CLERK
CASPER

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

ROGER L. DUNN,

      Plaintiff,

  vs.

PARK COUNTY SHERIFF'S OFFICE,

      Defendant.

Case No.  1:17-CV-0010-SWS

## ORDER GRANTING MOTION TO DISMISS

      This matter comes before the Court on Defendant's *Fed. R. Civ. P. 12(b)(6)Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted* (ECF No. 7).  The Court, having considered the motion and being otherwise fully advised, FINDS and ORDERS as follows:

      1.      Plaintiff, proceeding *pro se*, filed his *Complaint for Employment Discrimination* on January 17, 2017 (ECF No. 1).  Following denial of Plaintiff's request that the Court order service of process be made by a United States marshal or person appointed by the Court pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, Plaintiff served Defendant on July 14, 2017.  Defendant subsequently filed and served the present motion to dismiss on July 24, 2017, arguing Plaintiff has failed to state a claim upon which relief may be granted.  To date, Plaintiff has not responded to the Defendant's motion.

      2.      This Court's Local Rules allow a party opposing a motion fourteen (14) days from the filing of the motion to file a written brief setting forth the party's argument and

authorities in opposition to the motion.  U.S.D.C.L.R. 7.1(b)(2)(A).  When service of the motion is by mail, as was the motion here, a party may add 3 days to the time period within which to respond.  *See* FED. R. CIV. P. 6(d).  Plaintiff's response was accordingly due August 10, 2017. "The Court may, in its discretion, consider the failure of a responding party to file a response with the fourteen (14) day time limit, or such other time limit as the Court may direct, as a confession of the motion."  U.S.D.C.L.R. 7.1(b)(2)(A).

3.      While the Court liberally construes pro se pleadings, a party's "pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil [] Procedure."  *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).  This Court's Local Rules likewise require "[a]ny party proceeding on his or her own behalf without an attorney . . . to read and be familiar with the Local Rules of this Court [and] the Federal Rules of Civil Procedure . . . and [to] proceed in accordance therewith." U.S.D.C.L.R. 84.2(c).

4.      Because Plaintiff has failed to timely respond to Defendant's motion to dismiss, and has made no effort to seek an extension of time to respond or otherwise show good cause for failing to respond, this Court deems his lack of response a confession to Defendant's motion. Regardless, Plaintiff's complaint utterly fails to state a claim upon which relief may be granted.

5.      Fed. R. Civ. P. 12(b)(6) provides for dismissal when a complaint fails to state a claim upon which relief can be granted.  In reviewing a motion to dismiss under Rule 12(b)(6), this Court must accept as true "all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff."  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  In order to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007). The "plausibility standard" is not a probability requirement, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Accordingly, complaints that "offer[] labels and conclusions[,] a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement," will not survive a motion to dismiss. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotations omitted).

6.     In the Tenth Circuit, this "plausibility requirement" has been recognized as requiring the plaintiff's factual allegations to be enough that, if accepted as true, the plaintiff plausibly (not just speculatively) has a claim for relief. *See Gee v. Pacheco*, 627 F.3d 1178, 1183-84 (10th Cir. 2010). "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).

7.     A liberal reading of Plaintiff's form complaint indicates Mr. Dunn wants to bring a claim against Defendant for violation of the Americans with Disability Act ("ADA"). (Compl. at 3-4.) To succeed on such a claim, a plaintiff must show: 1) he is disabled as defined by the ADA; (2) he is qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) he suffered discrimination on the basis of his disability. *Hennagir v. Utah Dep't of Corrections*, 587 F.3d 1255, 1261 (10th Cir. 2009). Other than a simple reference

to having had a left knee replacement, neither Mr. Dunn's complaint nor his attached communications from the EEOC contains any facts whatsoever from which the Court might draw a reasonable inference that the Defendant is liable for violation of the ADA. The only additional allegations which can be gleaned from the complaint are indicated by Plaintiff's checking of the boxes for "termination of [his] employment" and "failure to accommodate [his] disability." (Compl. at 4.) However, those allegations are merely "labels and conclusions" claiming discriminatory conduct. Wholly missing from Plaintiff's complaint are sufficient *factual* allegations to state a plausible claim for relief.

THEREFORE, it is hereby

ORDERED that Defendant's *Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted* (ECF No. 7) is GRANTED and Plaintiff's complaint is dismissed.

Dated this 23rd day of August, 2017.

Scott W. Skavdahl
United States District Judge

4